UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN E. MOODY, | ) | Case No. 1:23-cv-2020 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | Magistrate Judge James E. Grimes Jr. |
| CLEVELAND STATE UNIVERSITY, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Representing himself, Plaintiff Brian E. Moody filed this action against Cleveland State University. The Court **GRANTS** his application to proceed *in forma pauperis* (ECF No. 2).

Plaintiff's complaint is difficult to follow but appears to allege that he was denied full credit for a class or classes he was unable to enter or complete. He contends that financial aid recipients who do not complete a certain number of credit hours in a semester are required to return the financial aid. He claims that he received an offensive text message telling him he is too old to take classes. This text, he alleges, violates Title VI. He does not specify the relief he seeks.

**STATEMENT OF FACTS**

Mr. Moody indicates that he attempted to enroll in classes at Cleveland State for the 2023 spring semester. Due to issues with financial aid, which had to be corrected, he says that he was unable to begin the semester on time. He alleges that

he cannot earn credit unless he is in class and that the University has to approve breaks and vacation days. Because he started late, he appears to claim that he did not attend enough of the class or classes to receive full credit. According to the complaint, not attending the class or classes requires repayment of federal financial aid. As a result, Mr. Moody claims that he is not in school.

Additionally, Mr. Moody says that he received an offensive text message. This message told him that he was too old to manage the computer and that younger students were more skilled than he is. The message indicated that he might pass the exam but would not pass "my class." He claims that the author of the message suggested that Mr. Moody might be homeless or living in his car. The author suggested that he return home and find something else to do with his life. Mr. Moody represents that he is a 52-year-old black male with a straight "A" average. Although he does not identify the author, he claims that the message breaches teacher-student ethics and Title VI. He concludes by listing several physical attacks against students and professors on campus and indicates a professor was fired from the University for teaching white supremacy.

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler*

*v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff fails to state a claim on which the Court may grant relief. The only legal cause of action he identifies in his complaint is Title VI. That statute, codified at 42 U.S.C. § 2000d, prohibits exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on the grounds of race, color, or national origin. While university activities are included in the statutory definition of "programs," *id.* § 2000d-4a (2)(A), Plaintiff does not allege any facts reasonably suggesting any decisions that the University made were motivated by his race. He claims that he was not able to get full credit for classes due to his late start in the semester. He states that financial aid issues that had to be corrected caused this late start. There is no suggestion that this result was motivated by his race. To the contrary, he alleges that disparaging remarks were made about his age and his computer literacy. Race was not mentioned in the text message. Plaintiff fails to state a claim for violation of Title VI.

Plaintiff does not include any other legal claims, and none is apparent on the face of the complaint. To meet federal notice pleading requirements, the complaint must give a defendant fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). To the extent that Plaintiff intended to assert some other claim against Cleveland State, he failed to meet the minimum pleading requirements for doing so.

4

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: January 24, 2024

 

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio